IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PETE SCHWARTZ *
        Plaintiff,
v. * CIVIL ACTION NO. RDB-07-2633

CLERK OF COURT *
        Defendant.
\*\*\*\*\*

## MEMORANDUM OPINION

On October 1, 2007, this Court received a letter from Pete Schwartz ("Schwartz"), a prisoner at the Caledonia Correctional Institution in Tillery, North Carolina. The letter states the following:

> I was incarcerated in Central Booking & BCDC for 33 days on or around the time of Sept. 06. I was also incarcerated & held for extradition on a North Carolina fugitive warrant on March 8, 2007 (approx). Both of these incarcerations were violations of my North Carolina Probation and I am requesting that records of these incarcerations be sent to....[1]

Paper No. 1.

Schwartz's request has been construed as a complaint filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The matter shall, however, be summarily dismissed.

The FOIA provides that a federal agency "shall" make available to any person records that the person "reasonably describes" in a request to the agency "in accordance with published rules" governing such requests. Title 5 U.S.C. § 552(a)(3). Federal courts and the clerks offices that receive court pleadings are not "agencies" covered under the FOIA. Indeed, FOIA does not apply to courts of the United States. *See* 28 U.S.C. § 551; *Smith v. United States District Court for the Southern District of Illinois*, 956 F.2d 647, 649 n.1 (7th Cir. 1992); *see also Cook v. Willingham*, 400 F. 2d 885, 885-86 (10th Cir. 1968); *Harris v. United States*, 121 F. R. D. 652, 654 (W.D. N. C. 1988).

---

[1] Schwartz asks that the records be sent to him and records personnel in North Carolina.

In light of this opinion, a separate order shall be entered dismissing[2] the FOIA Complaint by separate Order.[3]

Date:  October 10, 2007            /s/
                                   RICHARD D. BENNETT
                                   UNITED STATES DISTRICT JUDGE

---

[2] Schwartz did not file the $350.00 civil filing fee or a motion for leave to proceed in forma pauperis. In light of the dismissal of this matter, he shall not be required to cure this deficiency.

[3] Schwartz seeks information from the Central Booking and Intake Facility and the Baltimore City Detention Center, both of which fall under the supervision of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). FOIA does not, however, apply to state agencies or their staff. *See Ferguson v. Alabama Criminal Justice Center*, 962 F.Supp 1446, 1447 (M.D. Ala. 1997); *see also* 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States...."). Schwartz is not without recourse. He may file a Maryland Public Information Act request with the DPSCS. Upon denial of that request he may then seek administrative review with the DPSCS of the official refusal to provide the requested information. *See* Maryland Code Ann., State Gov't, §§ 10-622. If unsuccessful with the administrative review, he may then file a complaint with the appropriate Maryland circuit court by way of an original civil action. *Id.*, §10-623.